IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JO HICKS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 3:17cv00193-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## **MEMORANDUM AND ORDER**

Plaintiff, Jo Hicks, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff is fifty years old. (Tr. 35.) She has a tenth grade education but earned her general equivalency diploma. Ms. Hicks has past relevant work as jewelry salesperson and cashier. (Tr. 20.)

The Administrative Law Judge (ALJ)[1] first found Ms. Hicks had not engaged in substantial gainful activity since September 1, 2012 – the alleged onset date. (Tr. 14.) The ALJ found she had "severe" impairments in the form of "degenerative changes of both knees, bilateral sensorineural hearing loss, hypertension, obesity, and adjustment disorder with mixed depression and anxiety." (*Id.*) The ALJ further found Ms. Hicks did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14-17.)

The ALJ next determined Ms. Hicks had the residual functional capacity to perform a significantly reduced range of sedentary work. (Tr. 17.) Given this residual functional capacity assessment, the ALJ determined Plaintiff was incapable of performing any of her past jobs. (Tr. 20.) Therefore, he utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Ms. Hicks could perform despite her impairments. (Tr. 57-59.) The ALJ determined Ms. Hicks could perform the jobs of inspector/checker and printed circuit board inspector. (Tr. 21-22.) Accordingly, the ALJ determined Ms. Hicks was not disabled. (Tr. 22.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff argues her case should be remanded because the ALJ's residual functional capacity assessment is flawed. (Doc. No. 12 at 11-15.) After careful review of the record and pleadings, I agree with Plaintiff and find the case should be remanded for further development of the record.

Plaintiff's first point is that the ALJ failed to accurately capture all of her limitations identified by Samuel B. Hester, Ph.D. The ALJ gave ". . . great weight to the findings of Dr. Hester, as he examined the claimant on two different instances, and he provides the only detailed mental health evaluation of the claimant." (Tr. 20.) But Dr. Hester concluded, "The claimant may not be able to complete work tasks within an acceptable timeframe due to poor vision, poor hearing and chronic pain." (Tr. 485.) Therefore, I find Plaintiff's point to be persuasive given the jobs identified by the ALJ are jobs performing tasks on a production assembly line. (*See* Dictionary of Occupational Titles (DOT) #726.684-050 ("Removes and stacks finished boards for transfer to the next work station") and #739.687-182 ("Examines [items] passing along on conveyor. . . ."))

Plaintiff's second point is that the ALJ failed to adequately evaluate the postural limitations noted by Plaintiff's treating doctor, Bernard Crowell, M.D. Dr. Crowell provided a Medical Assessment of Ability to Perform Work-Related Activities (Physical) and reported Plaintiff had significant limitation in balancing, stooping, crouching, kneeling, and crawling. (Tr. 537.) He also noted Ms. Hicks had limited range of motion in her knees. (Tr. 538.) The ALJ stated, "Some weight is given to the findings of Dr. Crowell, to the extent that his evaluation is consistent with the record as a whole. He documents that the claimant has reduced range of motion in her knee,

which is consistent with her radiology findings of degenerative changes in her knees." (Tr. 20.) While he gave "some weight" to Dr. Crowell, the ALJ failed to sufficiently address his findings regarding Plaintiff's inability to balance, stoop, crouch, kneel and crawl.

I find this case to be a close call because the ALJ has cited some valid reasons to discount Plaintiff's allegations. But I agree that the ALJ's residual functional capacity assessment is flawed. Therefore, this case should be remanded to the Commissioner for further development of the record. On remand, the Commissioner should address the limitations recognized by Dr. Hester and determine whether her inability to perform tasks within an acceptable timeframe impacts the jobs identified by the vocational expert. Additionally, the Commissioner should fully consider the findings of Dr. Crowell.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 12th day of January, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE